PUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
  *Plaintiff-Appellee,*

v.

JUVENILE MALE,
  *Defendant-Appellant.*

No. 03-4975

UNITED STATES OF AMERICA,
  *Plaintiff-Appellee,*

v.

JUVENILE MALE,
  *Defendant-Appellant.*

No. 03-4977

Appeals from the United States District Court
for the District of Maryland, at Greenbelt.
Richard D. Bennett, District Judge.
(CR-03-408-RDB; CR-03-368-RDB)

Argued: September 30, 2004

Decided: October 29, 2004

Before WIDENER, NIEMEYER, and LUTTIG, Circuit Judges.

---

Affirmed by published opinion. Judge Niemeyer wrote the opinion,
in which Judge Widener and Judge Luttig joined.

---

**COUNSEL**

**ARGUED:** Sherri Lee Keene, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greenbelt, Maryland, for Appellants. Jane Frances Nathan, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland, for Appellee. **ON BRIEF:** James Wyda, Federal Public Defender for the District of Maryland, Kelli C. McTaggart, Assistant Federal Public Defender, Greenbelt, Maryland, for Appellants. Thomas M. DiBiagio, United States Attorney, Hollis Raphael Weisman, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

---

**OPINION**

NIEMEYER, Circuit Judge:

Two juveniles, W.C. and R.M., were separately charged, tried, and convicted of petty offenses (Class B misdemeanors, for which the maximum term of imprisonment was six months, *see* 18 U.S.C. § 3559(a)) committed on lands in the District of Maryland administered by the National Park Service. Their trials were conducted by a magistrate judge. Following their convictions, the juveniles filed motions to dismiss their cases for lack of subject matter jurisdiction, challenging the authority of the magistrate judge under 18 U.S.C. § 3401(g) to conduct their trials without having received from the Attorney General of the United States the certification of federal interest "referred to" in 18 U.S.C. § 5032. The magistrate judge denied the juveniles' motions, and the district court affirmed. Because we construe § 3401(g), in this case of first impression, not to require the certification referred to in § 5032 for trials before magistrate judges involving Class B and Class C misdemeanors committed within the special maritime and territorial jurisdiction of the United States, we affirm.

I

In May 2002, U.S. Park Police stopped a motor vehicle on the Baltimore-Washington Parkway in Maryland for traffic violations.

During the stop, the park police discovered marijuana on W.C., a passenger who was 17 years old at the time. W.C. pleaded guilty before a magistrate judge to violation of 36 C.F.R. § 2.35(b)(2) (prohibiting possession of a controlled substance in areas under the jurisdiction of the National Park Service), a Class B misdemeanor, *see* 36 C.F.R. § 1.3(a), and the magistrate judge sentenced W.C. to 12 months' probation. When W.C. subsequently violated his probation, the magistrate judge sentenced him to 90 days' home detention and drug testing.

In November 2002, the U.S. Park Police apprehended R.M., who was 14 years old at the time, on the Baltimore-Washington Parkway in Maryland. R.M. had been observed driving at a high rate of speed on the parkway and had attempted to flee police after an officer began to pursue him in a marked cruiser. After crashing what was later discovered to be a stolen motor vehicle into a wooden median, R.M. attempted to flee on foot before he was apprehended. R.M. was charged with the unsafe operation of a motor vehicle, in violation of 36 C.F.R. § 4.22; reckless driving, in violation of Maryland Code, Transportation Article § 21-901.1(a); speeding, in violation of 36 C.F.R. § 4.21(c); fleeing to elude, in violation of Maryland Code, Transportation Article § 21-904; receiving stolen property, in violation of 36 C.F.R. § 2.30(a)(5); and driving without an operator's license, in violation of Maryland Code, Transportation Article § 16-101(a). Each of these offenses is a Class B misdemeanor. Pursuant to a plea bargain, R.M. pleaded guilty to one count of speeding and one count of possession of stolen property, and the magistrate judge sentenced R.M. to two years of supervised probation and 150 hours of community service.

During the course of these two proceedings before the district court, each juvenile filed a motion to dismiss his case for lack of subject matter jurisdiction, contending that the magistrate judge did not have jurisdiction under 18 U.S.C. § 3401(g) to try him without first having received from the Attorney General of the United States the certification referred to in 18 U.S.C. § 5032. Under § 5032, juveniles charged with certain federal offenses must be transferred to appropriate state authorities, unless the Attorney General of the United States certifies, after investigation, that the State does not have or refuses to assume jurisdiction over the juvenile or the State does not have avail-

able programs adequate for the needs of juveniles. The government contended that because the juveniles were charged with Class B misdemeanors committed within the territorial jurisdiction of the United States, no certifications were required by the terms of § 5032. The magistrate judge agreed, as did the district court.

Each juvenile has appealed, and the two appeals have been consolidated.

II

The juveniles contend simply that under 18 U.S.C. § 3401(g) "a magistrate court cannot proceed against a juvenile on a petty offense unless the certification 'referred to in 18 U.S.C. § 5032' has been filed at the time of the juvenile's arraignment." They argue that because the requirements of § 3401(g) are jurisdictional, *see* 28 U.S.C. § 636(a)(3), and the government in these cases failed to comply with the certification requirement, the federal court lacked subject matter jurisdiction over their prosecutions.

The juveniles' argument, however, is more subtle because § 5032 provides for certifications only in cases charging juveniles with felonies and Class A misdemeanors, not in Class B misdemeanors as are involved here. The juveniles observe that the statute conferring jurisdiction on magistrate judges to try them, 18 U.S.C. § 3401(g), was enacted in 1979 when it was clearly understood that the government was required to file certifications in *all* juvenile prosecutions. Section 3401(g) authorized magistrate judges to try juvenile prosecutions only if "the certification referred to in § 5032 of this title has been filed in open court at the time of the arraignment," and at that time, in 1979, § 5032 required a certification in *every* juvenile prosecution proceeding in federal court, whether before a magistrate judge or a district judge.

In 1984, Congress amended § 5032 to provide that the certifications theretofore required were no longer to be required in cases involving petty offenses (including Class B misdemeanors) committed within the special maritime and territorial jurisdiction of the United States. The juveniles note, however, that in 1984 Congress failed to amend the language of § 3401(g). They argue that because

the statute conferring jurisdiction on magistrate judges was not amended, the magistrate judges' power remained unchanged and that therefore it follows that the certification (which had been required in all cases) was still required for all cases *before magistrate judges*. They maintain that while Congress limited the certification under § 5032 to felonies and Class A misdemeanors in 1984 for prosecutions before district judges, it deliberately left the previous requirement of certification for cases before magistrate judges unamended in order to accommodate, as they argue, the "more circumscribed setting of the magistrate court."

Additionally, the juveniles argue that the use of the word "referred" in the phrase "the certification referred to in § 5032" is distinct from, and indeed less specific than, a word such as "required," and that had Congress used "required," the changes to § 5032 would have also applied to prosecutions before magistrate judges. But Congress did not make any change to use a word such as "required" and, so they argue, deliberately left in the word "referred" to accommodate its intent to leave § 3401(g) as it had been before the 1984 amendment to § 5032.

Finally, the juveniles argue that the last sentence of § 3401(g), which states that a magistrate judge may not proceed "unless the certification referred to in § 5032" has been filed, relates back to and therefore provides an exception to the first sentence of the subsection which, as a general matter, confers on magistrate judges the same power as that conferred on district judges for juvenile prosecutions.

The government contends that the 1984 amendment to § 5032, narrowing the circumstances for certification, also amended § 3401(g) because § 3401(g) explicitly refers to *the certification in § 5032*. This construction, it argues, is the natural and unambiguous meaning of the language. Thus, the government argues, the 1984 amendment to § 5032 "effectively narrowed § 3401(g)" to the extent that § 3401(g) had, before 1984, required certifications in all cases involving juvenile petty offenses.

The government also contends that if § 3401(g) were to be read in the expansive manner advocated by the juveniles, all petty offenses would effectively have to be prosecuted before district judges, impos-

ing a new and unnecessary burden on federal courts. The "thousands" of juvenile petty offenses charged "every month" in Maryland and other states would either have to go through the cumbersome process of obtaining certifications from the Attorney General or be tried before district judges. Either course, the government asserts, would effectively "make it impossible for the government to prosecute juveniles who garner such charges."

To resolve these conflicting interpretations of the statutory language, our inquiry must begin with the language itself. *See Faircloth v. Lundy Packing Co.*, 91 F.3d 648, 653 (4th Cir. 1996); *see also United States v. Murphy*, 35 F.3d 143, 145 (4th Cir. 1994) (noting that we must begin "by examining the statutory language, bearing in mind that we should give effect to the legislative will as expressed in the language").

Section 3401(g) grants magistrate judges the power to hear petty offenses involving juveniles. In such cases, magistrate judges may "exercise all powers granted to the district court" under the Federal Juvenile Delinquency Act, but "no such case may proceed unless the certification referred to in § 5032 of this title has been filed in open court at the arraignment." 18 U.S.C. § 3401(g). The "certification referred to in § 5032" is described in § 5032 as follows:

> A juvenile alleged to have committed an act of juvenile delinquency, *other than a violation of law committed within the special maritime and territorial jurisdiction of the United States for which the maximum authorized term of imprisonment does not exceed six months*, shall not be proceeded against in any court of the United States unless the Attorney General, after investigation, certifies to the appropriate district court of the United States that (1) the juvenile court or other appropriate court of a State does not have jurisdiction or refuses to assume jurisdiction over said juvenile with respect to such alleged act of juvenile delinquency, (2) the State does not have available programs and services adequate for the needs of juveniles, or (3) the offense charged is a crime of violence that is a felony or an offense described in § 401 of the Controlled Substances Act . . . ,

and that there is a substantial Federal interest in the case or the offense to warrant the exercise of Federal jurisdiction.

18 U.S.C. § 5032 (emphasis added).

A natural reading of §§ 3401(g) and 5032 indicates that the § 5032 certification exception for petty offenses committed within the territorial jurisdiction of the United States also applies to magistrate judges. Section 3401(g) does not call for an absolute certification; nor does it call for a special, different certification mandated only by § 3401(g). Instead it requires, in a proceeding before a magistrate judge, the filing of *the certification referred to in § 5032*, specifically identifying the certification described in that section. Because "the certification referred to in § 5032" issues only for juvenile proceedings in which felonies and Class A misdemeanors are charged, specifically excluding Class B and Class C misdemeanors, no certifications are required for the cases before us.

If we were to construe § 3401(g) to require a certification in *every* juvenile proceeding before a magistrate judge, including one in which the juvenile is charged with a petty offense, we would trample the language of § 3401(g). Instead of requiring the filing of *the* certification referred to in § 5032, the language would be transformed to mean "the certification referred to in § 5032 except that the limitations for issuance of the certification in § 5032 do not apply." When Congress amended the nature and scope of the certification in § 5032, limiting its issuance to juvenile cases in which felonies and Class A misdemeanors are charged, it, of necessity, amended any other statutory provision that incorporated "the certification referred to in § 5032."

Moreover, the context in which §§ 3401(g) and 5032 function provides additional support for this construction. Under the juveniles' purported reading of these statutes, juveniles could be brought to trial before *district judges* on petty offenses without the filing of a certification, but they could not be brought before *magistrate judges*, except with a certification. Yet, under the statutory scheme, trials of juveniles for petty offenses are in the main to be conducted by magistrate judges. *See* 18 U.S.C. § 3401(b) (giving a juvenile the option to elect to be tried by a district judge *only* when a Class A misdemeanor is filed). And the government has confirmed this scheme in practice,

noting that the thousands of petty offenses committed each month in the special maritime and territorial jurisdiction of the United States are tried before magistrate judges. If Congress intended to have virtually all petty offenses tried before magistrate judges, then the 1984 amendment to § 5032, which excludes the requirement of a certification in petty offenses committed in the territorial jurisdiction of the United States, would have been meaningless because district judges — to whom the 1984 amendment was made applicable, according to the juveniles' argument — were not trying the petty offense cases. In short, Congress would have accomplished nothing by eliminating the certification requirement in petty offense prosecutions while, at the same time, retaining the requirement to have certifications filed in all petty offense cases tried before magistrate judges.

We believe that the timing of the enactments of the two statutes also supports our reading of § 3401(g). The current version of § 3401(g) was enacted in 1979, while the current version of § 5032 — with the then-newly-added certification exception — was enacted in 1984. That the last sentence of § 3401(g) has not been modified since 1984 accounts for the generic reference to "certification" in § 3401(g) and supports the conclusion that the last line of § 3401(g) was merely intended to incorporate the whole of the certification scheme in § 5032.

At bottom, we find the language of § 3401(g) clear and unambiguous in providing that the certification referred to in § 5032 includes the limitations of that certification set forth in § 5032. Accordingly, we need not resort to an examination of the statute's legislative history. *Faircloth*, 91 F.3d at 653. Moreover, because this statutory scheme is perfectly "coherent and consistent," our inquiry may terminate with the construction drawn from the statute's natural reading. *Murphy*, 35 F.3d at 145 (quoting *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 240-41 (1989)) (internal quotation marks omitted).

For the foregoing reasons, we affirm the orders of the district court denying the juveniles their motions to dismiss for lack of subject matter jurisdiction.

*AFFIRMED*